I must respectfully dissent from the majority decision reversing the decision of the deputy commissioner.
Plaintiff's fall was solely the result of an idiopathic condition. The totality of the medical evidence including plaintiff's statements in the emergency room, establishes that plaintiff suffered a syncopal spell while on the job and passed out, likely the result of a cardiovascular event. The only evidence to the contrary, the testimony of Harrington Ferguson, plaintiff's co-worker is inherently unreliable and suggests a sequence of events that uncontradicted scientific testimony has shown to be physically impossible.
The deputy commissioner found the testimony of Mr. Ferguson, the only witness to plaintiff's fall, was not credible. Mr. Ferguson gave multiple inconsistent accounts of how plaintiff's fall occurred. Mr. Ferguson initially stated he could not recall how plaintiff fell. His story changed several times from his initial statement. Mr. Ferguson testified at the hearing before the deputy commissioner that he was talking to plaintiff when he fell although earlier in the investigation in response to Mr. Joyner's questioning he stated that he and plaintiff were not talking when plaintiff fell.
Although the Workers' Compensation Act vests the Full Commission with authority to review a Deputy Commissioner's credibility findings, here the evidence of record overwhelmingly supports the deputy commissioner's conclusion in finding plaintiff's fall was not a compensable injury by accident.
Thus I respectfully dissent and would affirm the decision of the deputy commissioner.
 S/_______________ DIANNE C. SELLERS COMMISSIONER